UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 4:23-CR-00355 SRC/JSD ) |
| RONNIE FOSTER, MEKAYLA JOHANN, LAROB HARRIS, and SHONYEA JONES. | ) ) ) ) ) |
| Defendant. | ) ) |

**MOTION FOR A PROTECTIVE ORDER**

**PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)**

COME NOW the United States of America, by and through its attorneys, Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Ashley M. Walker, Assistant United States Attorney for said District, and hereby motions the Court for a protective order for the cellular device information for each of the Defendant's phones in this case. The devices include personal information of the Defendant's and that of third parties unrelated to the facts in this case and therefore should be protected. The Government's support for this motion for a protective order is as follows:

1. This case involves an investigation into conspiracy and a Hobbs Act Robbery, resulting in death, offenses committed by the Defendants. The Defendants were indicted by a federal grand jury on July 26, 2023, for charges of conspiring with each other to commit a robbery, commission of the robbery, discharging a firearm in commission of the robbery resulting in injury, and discharging a firearm in commission of the robbery resulting in death.

2. The United States is in possession of pretrial discovery in the form of telephone data which contains sensitive information not relevant to this case, including but not limited to: contact information for third parties unrelated to this case, communications with third parties unrelated to this case, unrelated images, and other personal information.

3. In addition, the telephone data includes information which the United States intends to use in evidence in its case-in-chief.

4. Fed.R.Crim.P. 16(a)(1)(D) requires the Government to make the evidence available to the defendants' attorneys for inspection and copying. Additionally, the Government expects the defendants to file a request, pursuant to Fed.R.Crim.P. 16 requesting that the Government permit the inspection and copying of this evidence. Rule 16(d) Fed.R.Crim.P. provides that the Court may, for good cause shown, restrict the discovery or inspection of materials described under Rule 16.

5. Wherefore, the Government requests this Court enter an Order prohibiting the Defendants or their attorneys from copying or releasing or disseminating the discovery in this case to any person; except that counsel may make such evidence *available for viewing* by (1) the Defendants; (2) other counsel of record in the pending case; (3) any associate, paralegal, stenographic or clerical employee involved in the defense of this case; (4) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in this case; and (5) other persons upon further Order of this Court and upon a showing of particularized need.

*See* Attached Proposed Order.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney
Eastern District of Missouri

/s/ *Ashley M. Walker*
ASHLEY M. WALKER #67175MO
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, the foregoing was emailed to all attorneys of record.

 /s/  *Ashley M. Walker*
ASHLEY M. WALKER, #67175MO
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CR-00355 SRC/JSD ) |
| RONNIE FOSTER, MEKAYLA JOHANN, LAROB HARRIS, and SHONYEA JONES. | ) ) ) ) ) ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

The government has filed a Motion for Protective Order as to Rule 16 material.

In the context of pretrial discovery, the Court concludes that the government's concerns with regard to the dissemination and/or publication of Rule 16 material are meritorious. Being sufficiently advised, the Court concludes that it is in the best interests of justice to **GRANT** the government's Motion for a Protective Order as requested.

It is hereby **ORDERED** that Fed. R. Crim. P. 16 material, furnished to the defense in this case shall be used only for official purposes related to judicial proceedings in this case and for no other purpose.

It is further **ORDERED** that Rule 16, material hereafter provided reflecting personal identifying information described above, shall remain in the physical custody and control of counsel for the defendants to whom it is provided. As it is contemplated by this order "counsel for the defendants to whom it is provided" shall include only such counsel as have formally entered an Appearance of Counsel on behalf of that defendant, and confidential employees, associates, or

other persons working professionally with such attorneys.  Any such information provided in electronic format shall be provided on a "read-only" basis and shall not be electronically duplicated or provided to any defendant in "hard copy" form.  Any review by the defendants of any such material - whether in electronic or "hard copy" form - shall be conducted under the personal supervision of counsel for the defendant.  No defendant shall be permitted to manually copy or produce a hand-generated verbatim replica of any document or other evidence subject to the terms of this order.  No defendant shall be permitted to record the personal identifying information as it is herein defined as to any witness or other person for whom such information is provided.

It is further **ORDERED** that no personal identifying information shall be left in the exclusive control or custody of any defendant or any person on the defendant' behalf, with the exception of counsel-of-record.  The defendant and other persons assisting counsel-of-record may review Rule 16 material, but such review must be accomplished without violating the requirement of this Order that the material is to remain, at all times, in the custody and physical control of counsel-of-record, to include confidential employees, associates, and other persons working professionally with counsel-of-record.

Unless the parties reach a specific understanding to the contrary, Rule 16 material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be copied, reproduced, published, or publicly circulated by the defense without further order of this Court or until its use in judicial proceedings at the time of trial or in other official hearings or proceedings related to this case.

In the event that the parties reach an agreement that certain materials or documents should be exempted from the limits otherwise imposed herein, they may do so by mutual agreement without the permission of the Court.  In the event the parties disagree as to the applicability of this

Order as to any document, photograph, or any other material, the parties may bring the matter to the attention of the Court.

SO ORDERED this _____ day of _____, 2023.

**BY THE COURT:**

_____
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF MISSOURI