UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. :4:23-CR-00355-SRC |
| | ) |
| LAROB HARRIS, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant LaRob Harris, represented by defense counsel Stephanie Zipfel, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

**A.** **The Plea:** Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 1, 2, and 3 of the Superseding Indictment, the Government agrees to move for the dismissal as to the defendant of Count 4 at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be

1

brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

    **B.**    **The Sentence:**  The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

## 3. ELEMENTS:

    **Count One:**  As to Count One, Defendant admits to knowingly violating Title 18, United States Code, Section 1951, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    (i)    Two or more people reached an agreement to commit the crime of robbery of a commercial establishment engaged in interstate or foreign commerce;

    (ii)    The Defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

    (iii)    At the time the Defendant joined the agreement, the Defendant knew the purpose of the agreement.

**Count Two:** As to Count Two, Defendant admits to knowingly violating Title 18, United States Code, Section 1951, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(i) Defendant obtained property in the form of U.S. currency from a commercial establishment engaged in interstate or foreign commerce;

(ii) The Defendant did so by wrongful use of actual or threatened force, violence, or fear;;

(iii) The cash was in the possession of Faming Pan, owner of the commercial establishment; and

(iv) Defendant's actions obstructed, delayed, and affected interstate commerce in some way or degree.

**Count Three:** As to Count Three, Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

(i) Defendant committed the crime of Hobbs Act Robbery as set forth in Count Two of the Indictment;

(ii) Defendant knowingly possessed, brandished, and discharged a firearm in furtherance of that crime.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning on a date unknown but including in or about May 2023, the defendants

3

Ronnie Foster, MeKayla Johann, Larob Harris, and Shonyae Jones discussed a plan to rob the St. Louis Kitchen restaurant located at 819 Kingshighway Blvd., within the City of St. Louis. On or about May 30, 2023, the Defendant Larob Harris (hereafter Defendant), participated with the co-defendants in the robbery of the store. During the incident, co-defendant Ronnie Foster approached the victim, Faming Pan (Pan) in the parking lot of the restaurant and demanded the bag Pan was carrying. A struggle ensued and the co-defendant Foster shot victim Pan causing his death. The co-defendant Foster then took the bag Pan was carrying that contained proceeds from the restaurant and he took the victim's, firearm. Defendant shot multiple times, striking victim K.W. in the leg. All the defendants escaped the scene with the bag containing the proceeds of the robbery: roughly $4000.00. The proceeds were divided amongst all the defendants. The robbery and shootings were captured on a surveillance camera.

During the investigation of this incident, it was determined that one of the individuals in the surveillance video was an employee, later determined to be co-defendant, Mekayla Johann. A review of the video surveillance from inside the restaurant showed that Johann was communicating multiple times on her cell phone within the hour prior to the robbery. Based on a review of the decedent's cell phone, detectives were able to determine Johann's cell phone number. A search warrant was then applied for with the Circuit Court of St. Louis for Johann's telephone number. Detectives were able to determine that Johann had been in contact with Foster multiple times within two hours leading up to the robbery. A tower dump search warrant was obtained and confirmed that Foster's phone was in the area of St. Louis Kitchen during the timeframe immediately leading up to the robbery. It was further determined that Foster and Johann's phones

4

travelled in the same direction after the robbery to 9818 Ventura Drive. It was determined that home belonged to co-Defendant Shonyae Jones. Defendant Harris was living with her, as he is her boyfriend and the father of her children.

Once detectives determined that Jones' name was on the utilities for 9818 Ventura, they were able to also confirm Jones' phone number and determined that her phone was also near the St. Louis Kitchen at the time of the murder.

A federal search warrant was obtained for the Ventura Drive address. The search warrant was executed on June 30, 2023. During the search, the following evidence was collected from the bedroom belonging to Defendant and Jones:

- A- Multiple cellular telephones including all of the Defendants' phones.
- B- Black Taurus PT92 8mm pistol
- C- Two Anderson Manufacturing AM-15 firearms. One was wrapped in a plastic bag and towel (murder weapon- lab confirmed)
- D- Smith & Wesson SD40 pistol
- E- Glock 22 Gen 4 pistol
- F- Glock 23 pistol (confirmed by lab to have been fired at scene); and,
- G- Various ammunition, including loose 9mm, .40 caliber and .223.

Law enforcement also seized a silver Ford Fusion, believed to be the car used by the perpetrators of the robbery to flee from the scene.

The Glock 23 was taken to the lab. A firearms expert determined that a shell casing recovered in the alley had been discharged from the Glock 23.

5

Defendant, Johann, and Jones were at the Ventura Drive home during the execution of the warrant and were taken into custody. They were questioned at the homicide unit of the SLMPD.

The Defendant admits that sometime during and before May 30, 2023, he conspired with his co-defendants to rob the St. Louis Kitchen located at 819 North Kingshighway Boulevard and admits that the agreement involved the use of firearms to perpetrate the robbery. The Defendant admits to participating with his co-defendants in the commission of the robbery on May 30, 2023. The Defendant admits to utilizing the Glock 23 firearm to assist with the commission of the robbery. The Defendant admits to discharging the Glock 23 firearm during the robbery to affect the escape of himself and his co-defendants. The Defendant further admits that as a result of discharging the firearm, victim K.W. was struck in the leg causing K.W. injury.

## 5. STATUTORY PENALTIES:

**A.** **Statutory Penalties**: Defendant fully understands that the maximum possible penalties provided by law for the crimes to which Defendant is pleading guilty are:

**(i)** **Counts One and Two**: Defendant fully understands that the maximum possible penalty provided by law for the crime to which Defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than three years.

**(ii)** **Count Three**: imprisonment of not less than ten years, but not more than life, consecutive to any other sentence imposed, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than five years. **Defendant fully understands that the crime to which a guilty plea is being**

6

**entered requires a mandatory minimum term of imprisonment of ten years consecutive to any other sentence.**

### 6. U.S. SENTENCING GUIDELINES (2024 MANUAL):

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following U.S. Sentencing Guidelines Total Offense Level provisions apply.

    A.    **Offense Conduct**:

#### COUNTS ONE AND TWO
#### HOBBS ACT ROBBERY

(i) **Chapter 2 Offense Conduct**:

(a) **Base Offense Level**: The parties agree that the Base Offense Level is 43, as found in Section 2B3.1(c)(1)'s cross reference to Section 2A1.1(a).

(b) **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: none known at this time.

    **(ii)**     <u>**Chapter 3, Part A, B, and C Adjustments**</u>: The parties agree that no Chapter 3, Part A, B, or C adjustments apply at this time.

### COUNT THREE
### POSSESSION AND DISCHARGE OF FIREARM RESULTING IN INJURY IN FURTHERANCE OF A CRIME OF VIOLENCE

    **(i)**     <u>**Chapter 2 Offense Conduct**</u>:

    **(a)**     <u>**Base Offense Level**</u>: The parties agree that the Base Offense Level is found in Section 2K2.4(b).

    **(b)**     <u>**Specific Offense Characteristics**</u>: The parties agree that the following Specific Offense Characteristics apply: none known at this time.

    **(ii)**     <u>**Chapter 3, Parts A, B, and C Adjustments**</u>: The parties agree that no Chapter 3, Part A, B, or C adjustments apply at this time.

**B. <u>Chapter 3 and 4 Adjustments</u>:**

    **(1) <u>Acceptance of Responsibility:</u>** The parties recommend that two levels should be deducted pursuant to U.S.S.G. § 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If this deduction is applied, and if Defendant is otherwise eligible, then the Government moves to deduct one additional level pursuant to U.S.S.G. § 3E1.1(b), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

    The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government

8

receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**C. Estimated Total Offense Level:** Based on these recommendations, the parties estimate that the Total Offense Level is 40 as to Counts One and Two. As to Count Three, the total offense level is the statutory, mandatory minimum sentence of 120 months.

**D. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**E. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues**: The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

(2) **Sentencing Issues:** The parties agree to waive the right to appeal all sentencing issues except those related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness of the sentence—above the Guideline range ultimately determined by the Court for appeals taken by the defendant, or below that range for appeals taken by the Government.

b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records**: The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to

10

sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300.00, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will

be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

   g. **Forfeiture:** The defendant hereby knowingly and intelligently waives any rights the defendant may have (i) for notice of the forfeiture to be given in the charging instrument under Rule 32.2(a), (ii) for a jury or the Court determine what of defendant's property is subject to forfeiture, (iii) for the Court to explain the forfeiture at the defendant's change of plea hearing, and (vi) for the forfeiture to be made part of the oral pronouncement of sentence and included in the judgment.

   The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities, including Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which authorizes that that any firearm or ammunition involved in or used or intended to be used in defendant's offense are subject to forfeiture. Additionally, defendant specifically agrees to the forfeiture any interest he may have in the following specific property: a Taurus PT92AF 9mm Pistol, SN: L80836; American Firearms Manufacturing AM15-C 556 Caliber Pistol, SN: 020200052; Smith & Wesson SD40VE .40 Caliber Pistol, SN: FBM0110; Glock GMBH 22GEN4 .40 Caliber Pistol, SN: BECV199; Anderson Manufacturing AM-15 223 Caliber Pistol, SN: 18277040; and miscellaneous magazines and ammunition. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object

to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

10/27/25
Date

ASHLEY M. WALKER, AUSA 67175MO
Assistant United States Attorney

9/29/25
Date

LAROB HARRIS
Defendant

15

<div style="display:flex;">

9/29/25
Date

</div>

*[signature]*
STEPHANIE ZIPFEL
Attorney for Defendant